McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6648
Facsimile:   (202) 307-0054
Guy.P.Jennings@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TONY S. DUTSON; MICAELA R. DUTSON,<br><br>    Defendants. | Civil No. 2:06-CV-00650-DFL-DAD PS<br><br>**FINDINGS AND RECOMMENDATIONS** |

At the direction of the Court, the United States submits the following proposed findings and recommendations.

**FINDINGS AND RECOMMENDATIONS**

Plaintiff's motion for summary judgment came on regularly for hearing June 30, 2006. G. Patrick Jennings, trial attorney, Tax Division, United States Department of Justice, appeared telephonically for the United States.  Defendants Tony and Micaela Dutson telephonically appeared representing themselves.  Upon review of the motion and the documents in support and opposition, upon hearing the arguments of defendants and counsel and good cause appearing therefore, **THE COURT FINDS AS FOLLOWS**:

## I. Introduction

On March 28, 2006, the United States filed a complaint seeking a judgment that UCC financing statements filed by defendants are null, void, and of no legal effect, and seeking an order enjoining them from similar filings. Defendants were personally served with process on April 6, 2006. Defendants filed numerous documents in this case. On May 8, 2006, the United States filed a motion for summary judgment supported by the declarations of five of the affected government employees. On May 11, 2005, defendants filed a motion to dismiss the complaint, arguing that this Court lacks jurisdiction over them. Defendants opposed the motion for summary judgment and filed cross motions for sanctions and to strike. The defendants appeared at the argument on June 30, 2006 and were given an opportunity to oppose the motion for summary judgment.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 26 U.S.C. § 7402. The action was referred to this Court pursuant to E.D. Cal. L.R. 72-302(c)(21).

## II. Standards for a Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) states that judgment in favor of the moving party is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)

The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment. *Anderson*, 477 U.S. at 255. Inferences will not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F.Supp. 1224, 1244-1245 (E.D. Cal. 1985), *aff'd* 810 F.2d 898 (9th Cir. 1987).

To survive a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence produced by the non-moving party is "merely colorable, or is not significantly probative," summary judgment is

proper. *Anderson*, 477 U.S. at 249-50.

**III.  Findings of Fact**

1. Marilyn Page is a Revenue Agent assigned to the IRS Examination Special Enforcement Program.  As part of her official duties, she was assigned to examine the Dutsons' income tax returns for the 1995 through 2003 tax years.  During the examination, she used her officially-approved pseudonym "Marilyn Page" for all contacts and correspondence with the taxpayers. (Decl. Page, ¶ 1, 2).

2. Michael Seal is a group manager with the IRS who supervised the examination of the Dutsons' income tax returns for the 1995 through 2003 tax years.  During the examination, he used his officially-approved pseudonym "Michael Seal" for all contacts and correspondence with the taxpayers. (Decl. Seal, ¶ 1, 2).

3. Amy Blaser is a Special Agent with the Internal Revenue Service Criminal Investigation.  She worked on a criminal investigation of Tony and Micaela Dutson from December, 2004, until December, 2005.  (Decl. Blaser, ¶ 1, 2).

4. Craige Walker is a Supervisory Special Agent with the Internal Revenue Service Criminal Investigation.  He worked on a criminal investigation of Tony and Micaela Dutson in June 2004.  (Decl. Walker, ¶ 1, 2).

5. Martin Shoemaker is a Trial Attorney with the United States Department of Justice, Tax Division.  As part of his official duties, he was assigned litigation responsibilities for an action to enjoin a tax shelter promotion by Tony Dutson and Micaela Dutson. *United States v. Dutson*, Case No. 04-2585-PHX-EHC (D. Ariz.).  On March 8, 2006, the district court in Arizona entered an injunction prohibiting the Dutsons or anyone acting in concert with them from engaging in the promotion of shelter activities.

6. John Snow at the pertinent time was the Treasury Secretary, Mark Everson is the Commissioner of Internal Revenue, and Paul Charlton is the United States Attorney for the District of Arizona.

7. On the following dates, Tony S. Dutson and Micaela R. Dutson filed with the Secretary

1    of State of the State of California UCC Financing Statements.

| Date Filed | Document Number |
|---|---|
| 2/9/2005 | 05-7015308594 |
| 2/11/2005 | 05-7015665510 |
| 9/19/2005 | 05-70419083 |
| 10/7/2005 | 05-70442513 |

The UCC Financing Statements purport to impose a lien in an amount exceeding $1 trillion, and falsely describe as debtors the following persons: John Snow, Mark Everson, Paul Charlton, Marilyn Page, Michael Seal, Craige Walker, Amy Blaster (sic) and Martin Shoemaker (the "named persons") (Certified copies attached as Exhibits A - D to the Declaration of G. Patrick Jennings).

8.  The named persons are not personally acquainted with Tony S. Dutson and Micaela R. Dutson and have had no contact or relationship with them outside the scope of their official duties. (Declarations of Page, Seal, Walker, Blaser, and Shoemaker).

9.  The named persons have not engaged in any contract or personal transaction with Tony S. Dutson and Micaela R. Dutson and do not owe money to the Dutsons. There is no legitimate reason for the Dutsons to impose a lien on the personal property of the named persons. *Id*.

10. Some of the named persons are aware of the false UCC Financing Statements that the Dutsons have filed against them with the California Secretary of State. The documents have caused them to experience distress and anxiety. For example, the named persons are concerned that the Dutsons' Financing Statements may have a negative impact on their permanent credit records. *Id.*

**IV. Analysis**

Section 7402(a) of the Internal Revenue Code[1] specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other

---

[1] Title 26 of the United States Code, hereinafter I.R.C.

- 4 -

orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" (emphasis added).  I.R.C. § 7402(a); see *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).  Courts are empowered "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes."  *Ryan v. Bilby*, 764 F.2d at 1327; *see also Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985), *cert. denied*, 476 U. S. 1183 (1986); *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *United States v. Van Dyke*, 568 F. Supp. 820, 821 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendants have provided no evidence demonstrating that the UCC Financing Statements are based on legitimate debt or law, or controverting the facts set forth above. Rather, defendants have provided documents which appear to have been created by defendants and none of which were adjudicated in a court of law.  It appears defendants claim that a debt arose as a result of the failure of the employees to respond when defendant mailed documents to them.  However, the courts do not recognize the legality of such a "lien."  *United States v. Andra*, 923 F.Supp. 157, 159-160 (D. Idaho 1996).  Defendants have not provided any evidence of a contractual or other legal relationship with any IRS employee to establish the validity of the UCC Financing Statements filed by defendants.

After carefully reviewing the record, this Court finds that the UCC Financing Statements filed by defendants are a frivolous device used to harass government employees. Thus, the Financing Statements are an attempt to impose a non-consensual, non-judicial, and non-statutory lien which should be declared null and void.  Because there are no genuine issues of material fact in dispute, plaintiff's motion for summary judgment should be granted. The "lien" placed by defendant on the IRS employee's property has no basis in law or fact. Section 7402(a) of the Internal Revenue Code allows the Court to nullify such liens from public records.

**V. Injunction**

Plaintiff also seeks an injunction enjoining defendants from filing any document or instrument which purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government. Injunctive relief is available to a party who demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC.,* 126 S.Ct. 1837, 2006 WL 1310670 (May 16, 2006).

Plaintiff has demonstrated success on the merits as noted above. The action of the defendants, in filing the UCC Financing Statements, imposes irreparable harm upon the employees of the federal government with whom the defendant quarrels. This false lien potentially clouds title to property and damages the IRS employee's credit rating as well. This harassment may tend to deter IRS employees from performing their tax collection functions, and, at a minimum, wastes time that they could spend on proper official duties. These false liens "threaten substantial interference with the administration and enforcement of the internal revenue laws." *United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

The government employees and the United States will suffer harm if an injunction is not granted. Because the UCC Financing Statements have no factual or legal basis and thus are of no legal effect, defendants will not be injured by an injunction which bars them from filing similar non-consensual or non-statutory liens in the future. *See, In re Martin-Trigona*, 763 F.2d 140, 141-142 (2d Cir. 1985), *cert. denied*, 474 U.S. 1061 (1986). Thus the balance of hardships tips in plaintiff's favor.

Finally, this Court finds that the public interest will be served by an injunction forbidding this harassment in the future. Section 7402(a) of the Internal Revenue Code authorizes this court to enter injunctions that are necessary or appropriate for the enforcement of the internal

revenue laws. *See, United States v. Hart, supra*. Although political expression must not be foreclosed, harassment of federal employees in their personal lives without cause shall not be tolerated.

**VI. Cross Motions**

The defendants have not shown good cause to strike the evidence proferred by the United States. The defendants have not specified any action which would support an award of sanctions. It appears defendants claim that a debt arose as a result of the failure of the government employees to respond when defendants mailed documents to them. However, the courts do not recognize the legality of such a "lien." *United States v. Andra*, 923 F.Supp. 157, 159-160 (D. Idaho 1996). Defendants have not provided any evidence of a contractual or other legal relationship with any government employee to establish the validity of the UCC Financing Statements filed by defendants.

On May 11, 2005, defendants filed a motion to dismiss the complaint, arguing that this Court lacks jurisdiction over them. The defendants are residents of Arizona, and this case is filed in the District Court for the Eastern District of California, in Sacramento, where the defendants filed the false UCC Financing Statements. Even over a non-resident, this Court may exercise "specific" jurisdiction over a defendant based on a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> 
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> 
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). The defendants have invoked the laws of California by filing four UCC Financing

Statements in California, this action is concerned directly with those filings, and the exercise of jurisdiction is reasonable in the circumstances. This Court has specific jurisdiction over the defendants.

**VII. Recommendation**

Based on the foregoing **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's motion for summary judgment filed May 8, 2006, be granted and judgment for plaintiff be entered on all claims.

2. The following UCC Financing Statements be adjudged and declared null, void and without legal effect.

    | Date Filed | Document Number |
    |---|---|
    | 2/9/2005 | 05-7015308594 |
    | 2/11/2005 | 05-7015665510 |
    | 9/19/2005 | 05-70419083 |
    | 10/7/2005 | 05-70442513 |

3. Leave be granted to file the order or judgment with the California Secretary of State, any county clerk's office, assessor's office, or other public registry where such liens have or will be filed by defendants.

4. Tony S. Dutson and Micaela R. Dutson be permanently enjoined from filing, or attempting to file, any document or instrument which purports to create a nonconsensual lien or encumbrance against the person or property of any government employee.

5. The United States' request for attorney's fees be denied.

6. The following motions filed by defendants be denied for lack of factual and legal merit: (1) May 11, 2005, motion to dismiss (docket no. 10); (2) May 30, 2006, cross-motion for sanctions and cross-motion to strike (docket no. 13).

**VII. Time Limit for Objections**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may filed written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 11, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.prose/dutson0650.f&r